Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtor

E-Filed: August 12, 2016

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: ) | Case No.: 16-14459-led |
| ) | |
| Sunpower by Renewable Energy Electric, Inc, ) | Chapter 11 |
| ) | |
| Debtor. ) | Hearing Date: OST Pending |
| ) | Hearing Time: OST Pending |

**MOTION FOR AN ORDER AUTHORIZING MAINTENANCE
OF EXISTING BANK ACCOUNTS AND RELATED RELIEF**

Sunpower by Renewable Energy Electric, Inc, the debtor and debtor-in-possession in the above captioned Chapter 11 Bankruptcy (the "**Debtor**"), hereby moves this Court (the "**Motion**") for the entry of an order authorizing (a) maintenance of existing bank accounts; and (b) temporary continued use of existing cash management system. In support of this Motion, the Debtor respectfully represents as follows:

**BACKGROUND**

1. On August 12, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). The Debtor continues to operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. A committee of creditors has not been appointed in this case by the United States Trustee.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested herein are sections 105, 345, 363, 1107, and 1108 of the Bankruptcy Code.

**RELIEF REQUESTED**

5. By this Motion, the Debtor seeks an order authorizing (a) maintenance of its existing bank accounts; and (b) temporary use of its existing cash management system.

**BASIS FOR RELIEF**

6. The Office of the United States Trustee established certain operating guidelines for debtors-in-possession in order to supervise the administration of Chapter 11 cases. These guidelines require a Chapter 11 debtor to, among other things: (a) close all existing bank accounts and open new debtor-in-possession bank accounts; (b) establish one debtor-in-possession account for all estate monies required for the payment of taxes, including payroll taxes; (c) maintain a separate debtor-in-possession account for cash collateral; and (d) obtain checks for all debtor-in-possession accounts which bear the designation "**Debtor-In-Possession**," the bankruptcy case number, and the type of accounts. As set forth below, the Debtor submits that authorizing it to open its old accounts to transfer the funds therein to a new, debtor-in-possession account is appropriate here.

**A.  Maintenance of Existing Bank Accounts**

7. As of the Petition Date, in the ordinary course of business, the Debtor maintained the Bank Accounts listed on **Exhibit A**, attached hereto, through which it managed cash receipts and disbursements (collectively, the "**Bank Accounts**").

8. The Debtor routinely deposits, withdraws, and otherwise transfers funds to and from the Bank Account.  The Debtor believes that the Bank Accounts are in financially stable banking institutions with The Federal Deposit Insurance Corporation ("**FDIC**"), The Federal Savings and Loan Insurance Corporation ("**FSLIC**") insurance or other appropriate government-guaranteed deposit protection insurance.

9. The Debtor therefore requests that the Bank Accounts be deemed a debtor-in-possession account, and that the company be authorized to open it for the limited purpose of removing the funds thereon and depositing them in new, post-petition accounts.  The Debtor represents that if the relief requested in this Motion is granted, the company will not pay, and the Bank (as defined herein) will be directed not to pay, any debts incurred before the Petition Date, other than as authorized by this Court.

10. As part of this relief, the Debtor requests that the banks at which the Bank Accounts are maintained (the "**Banks**") be authorized and directed to continue to service and administer the Bank Accounts as an account of the Debtor, as debtor-in-possession, without interruption and in the usual and ordinary course, and to accept and process deposits into the Bank Accounts, in whatever form received.

11. As part of the foregoing relief, the Banks also should be authorized and directed to accept and honor all representations from the Debtor as to which checks, drafts, automated clearing house transfers, or other electronic funds transfers should be honored or dishonored

consistent with any order(s) of this Court, whether the checks, drafts, automated clearing house transfers, or other electronic funds transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Bank believes the payment is or is not authorized by any order(s) of the Court.

12.    Finally, the Banks should be prohibited from offsetting, freezing, or otherwise impeding the use or transfer of, or access to, any funds deposited by the Debtor in the Bank Accounts before or after the Petition Date on account of or by reason of any claim (as defined in section 101(5) of the Bankruptcy Code) of the Banks against the Debtor that arose before the Petition Date, and any checks, drafts, automated clearing house transfers, and other electronic funds transfers drawn or ordered by the Debtor on the Bank Accounts subsequent to the Petition Date should be timely honored by the Banks notwithstanding any such claim the Banks may hold against the Debtor.

13.    In other cases, it has been recognized that the strict enforcement of bank account closing requirements does not serve the rehabilitative purposes of Chapter 11. Accordingly, courts have waived such requirements and replaced them with alternative procedures that provide the same protections. See, e.g., In re Washington Group International, Inc., Case No. 01-31627 (Bankr. D. Nev. May 15, 2001); In re National Airlines, Inc., Case No. 00-19258-LBR (Bankr. D. Nev. Dec. 7, 2000); In re Einstein/Noah Bagel Corp., Case Nos. 00-0447-ECF-CGC and 00-0448-ECF-CGC (Bankr. D. Ariz. Apr. 28, 2000); In re Pegasus Gold Corp., Case No. 98-30088-GWZ (Bankr. D. Nev. Jan. 16, 1998); In re Joy Pimentel, Case No. 08-23264-BAM (Bankr. D. Nev. Nov. 7, 2008).

**NOTICE**

14. Notice of this Motion has been given to: (i) the United States Trustee; (ii) the Debtor's top 20 largest creditors; and (iii) certain governmental agencies including the Internal Revenue Service, the Clark County Assessor, the Clark County Treasurer and the Nevada Department of Taxation. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit B**: (i) authorizing the opening of the Bank Accounts and the transfer of the funds therein to new accounts; and (ii) granting such other and further relief as is just and proper.

Dated August 12, 2016.

Respectfully Submitted,

/s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtor

# Exhibit A

1. US Bank – Account Number: xxxxxxx4435

# Exhibit B

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Flansburg PLLC
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| In re: | ) | Case No.: |
|---|---|---|
| | ) | |
| Sunpower by Renewable Energy Electric, Inc, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hearing Date: |
| | ) | Hearing Time: |

**ORDER AUTHORIZING MAINTENANCE OF EXISTING
BANK ACCOUNTS AND GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of Sunpower by Renewable Energy Electric, Inc (the "**Debtor**") for entry of an order authorizing (a) maintenance of existing bank accounts, and (b) continued use of existing cash management system; and upon the record of the hearing held on the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in interest; and it appearing this proceeding is a core proceeding pursuant to 28 U.S.C. § 158(a); and it appearing that this Court has jurisdiction over the subject matter of the Motion; and it appearing that

---

[1] Any capitalized term not expressly defined herein shall have the meaning ascribed to that term in the Motion.

1

proper and adequate notice of the Motion has been given under the particular circumstances and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Debtor is authorized to (a) access and maintain the existing bank accounts, and (b) continue to use its existing business forms and checks, and cash management system; and

**IT IS FURTHER ORDERED** that, subject to the terms and conditions in this Order, the Debtor is authorized to (a) designate, maintain and continue to use, with the same numbers, the Bank Accounts in existence on the Petition Date and (b) treat the Bank Accounts for all purposes as accounts of the Debtor as a debtor-in-possession; Exhibit A, attached to the Motion, provides a listing of the Bank Accounts; and

**IT IS FURTHER ORDERED** that, as soon as practical after the date of entry of this Order, the Debtor will close his current Bank Accounts and open new, debtor-in-possession bank accounts (the "**New Accounts**"), which may be opened with the same Banks (as defined below) the Debtor currently banks with; and

**IT IS FURTHER ORDERED** that the banks at which the Bank Accounts are maintained (the "**Banks**") is authorized and directed to continue to service and administer the Bank Accounts as account of the Debtor as a debtor-in-possession without interruption and in the usual and ordinary course, and to accept and process deposits into the Debtor's accounts, in whatever form received, and to process, honor and pay any and all checks drafts, automated clearing house transfers, and other electronic funds transfers (including the funding of direct

deposits to employee accounts) drawn or ordered on the Bank Accounts after the Petition Date by the Debtor until the transfer of the Debtor's funds to the New Accounts; and

**IT IS FURTHER ORDERED** that the Banks are authorized and directed to accept and honor all representations from the Debtor as to which checks, drafts, automated clearing house transfers, or other electronic funds transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, automated clearing house transfers, or other electronic funds transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Banks believe the payment is or is not authorized by any order(s) of the Court; and

**IT IS FURTHER ORDERED** that, except for those checks, drafts, automated clearing house transfers, or other electronic funds transfers that must be honored and paid in order to comply with any order(s) of this Court authorizing payment of certain pre-petition claims, no checks, drafts, automated clearing house transfers, or other electronic funds transfers ordered on the Bank Account prior to the Petition Date but presented for payment after the Petition Date shall be honored or paid; and

**IT IS FURTHER ORDERED** that the Banks at which the Bank Accounts are maintained is prohibited from honoring automatic withdrawals from the Debtor's secured creditors; and

**IT IS FURTHER ORDERED** that the Banks at which the Bank Accounts are maintained is prohibited from offsetting, freezing, or otherwise impeding the use or transfer of or access to, any funds deposited by the Debtor in the Bank Accounts before or after the Petition Date on account of or by reason of any claim (as defined in section 101(5) of the Bankruptcy Code) of any such Banks against the Debtor that arose before the Petition Date,

and any check drafts, automated clearing house transfers, and other electronic funds transfers drawn or ordered by the Debtor on the Bank Account subsequent to the Petition Date shall be timely honored by any such Banks notwithstanding any such claim such Banks may hold against the Debtor; and

**IT IS FURTHER ORDERED** that the Debtor is authorized to continue to use his existing checks and other Business Forms, which checks and Business Forms shall be required to include a stamped "Debtors-in-Possession" label.  Subject to the terms and conditions in this Order, the Debtor may open the New Accounts and close existing Bank Account(s) as they may deem necessary and appropriate, and the Banks are authorized to honor the Debtor's requests to open or close, as the case may be, such Bank Accounts or additional bank accounts; provided, however, that any New Account shall be with a bank that is insured with the FDIC or the FSLIC and that is organized under the laws of the United States or any State therein; and

**IT IS FURTHER ORDERED** that, subject to the terms and conditions in this Order, any and all accounts opened by the Debtor on or after the Petition Date at any Bank shall for all purposes under this Order, be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on <u>Exhibit A</u>), and any and all Banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order; and

**IT IS FURTHER ORDERED** that the Debtor shall maintain detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtor's cash management system, except as modified by this Order.  In connection with the ongoing utilization of their cash management system, the Debtor shall continue to maintain records with respect to all transfers of cash so that all transactions, may be readily ascertained, traced, and recorded properly; and

**IT IS FURTHER ORDERED** that the Debtor and the Banks are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except and to the extent otherwise directed by the terms of this Order. The parties to such agreements shall continue to enjoy the rights and remedies afforded them under such agreements, except to the extent modified by the terms of this Order or by operation of the Bankruptcy Code; and

**IT IS FURTHER ORDERED** that as provided by Fed. R. Bankr. P. 7062, this Order shall be effective and enforceable immediately upon entry.

Submitted by:

SCHWARTZ FLANSBURG PLLC

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, NV 89119
Attorney for the Debtor

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting tits document certifies that the order accurately reflects the court's ruling and that (check one):

_____The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

_____ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

APPROVED:

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

SCHWARTZ FLANSBURG PLLC

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, NV 89119
Attorneys for the Debtor

# # #

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing were sent via Electronic Mail on August 12, 2016, to the following:

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

I HEREBY CERTIFY that true and correct copies of the foregoing were sent via U.S. CERTIFIED Mail on August 12, 2016, to the following:

US Bank
PO Box 5229
Cincinnati, OH 45201


/s/ Christy L. Cahall
    Christy L. Cahall